IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ORBIT ENERGY & POWER LLC,

    Plaintiff,

vs.

FRANCIS C. WASHART; ZACHARY WASHART; KRIS RUFFENACH; ZODIAC HOME SOLUTIONS, INC.; CLIENT SOURCING, INC.; and FLORA MAR 401, LLC,

    Defendants.

_____/

Case No.: 8:21-cv-01933-SDM-AAS

**WASHART DEFENDANTS' MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW**

Defendants Francis C. Washart, Zachary Washart, Zodiac Home Solutions, Inc.; Client Sourcing, Inc.; And Flora Mar 401, LLC, (collectively, "Washart Defendants") by and through undersigned Counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully move to dismiss the Complaint brought by Plaintiff Orbit Energy & Power LLC ("Orbit" or "Plaintiff") (ECF #1). The basis for said motion is contained in the memorandum below.

1. Plaintiff's complaint fails to meet the pleading requirements under the Federal Rules of Civil Procedure and the requirements of *Iqbal*.

2. The claim for injunctive relief fails to state a cause of action as to Zodiac Home Solutions, Inc.; Client Sourcing, Inc.; And Flora Mar 401, LLC ("Washart Entities") due to the lack of sufficient allegations, the claim fails to state

1

an independent basis for relief, and it fails to demonstrate that Plaintiff does not have an adequate remedy at law.

3. The claims against the Washart Entities are insufficient and fail to state a cause of action because there is a failure to adequately plead that such entities are controlled by or otherwise the alter ego of F Washart.

4. Plaintiff fails to state a claim as to the trade secret claims because there is an absence of specific allegations demonstrating that any trade secrets were misappropriated or used and the broad categories listed are insufficient to support trade secret claims.

5. The claims related to the breach of duty of loyalty are preempted by trade secret law.

6. The claims for tortious interference of a business relationship fails because it fails to identify the relationship that has purportedly interfered with, any of the involved agreements and relationships were at-will, and malice was not alleged as the sole basis for any purported interference.

7. Plaintiff has failed to comply with Florida Statutes § 786.72 by failing to raise a proper evidentiary basis to plead for punitive damages.

8. Plaintiff's Complaint is a shotgun pleading because the relief sough is all combined into one prayer for relief without regard to the relief sought against each defendant and for each count.

Wherefore Washart Defendants respectfully request that this Court enter an order dismissing the complaint, and such other relief as requested including the cause of actions that are preempted and claims against the Washart Entities which

should be dismissed with prejudice. The Court should further strike all claims for punitive and exemplary damages until a proper and sufficient showing has been made and considered by the Court. Alternatively, the Court should dismiss the claims, striking Plaintiff's overall prayer for all types of damages and equitable relief, and require that any repleading specifically associate damages and relief sought with a particular claim, and awarding attorney fees to the extent permitted, costs, and granting such relief as this Court deems appropriate

## MEMORANDUM OF LAW

### I.   Introduction

On or about August 12, 2021, Plaintiff filed an eleven-count Complaint against six defendants, including the Washart Defendants. Despite containing 131 paragraphs over 29 pages, the Complaint is notably deficient in specific facts. Instead, the Complaint is replete with legal conclusions and boilerplate assertions regarding the Washart Defendants.

### II.   Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true the allegations in the complaint and construes those facts in a light favorable to the plaintiff. *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999). "A pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but a pleading that merely offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

3

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). Stated another way, a "Court need not take allegations as true if they are merely 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . .'" *Noveshen v. Multaply, Inc.,* No. 0:18-61217-CIV, 2019 U.S. Dist. LEXIS 126804, at *4 (S.D. Fla. July 29, 2019) *citing Iqbal*, 556 U.S. a t 663.

Therefore, when considering the sufficiency of the complaint, this court should take two steps: (1) eliminate the allegations in the complaint that are merely legal conclusions; and (2) assume the veracity of well-pleaded factual allegations and determine whether they plausibly support an entitlement to the requested relief. *Am. Dental Ass'n v. Cigna Corp.*, 604 F.3d 1283, 1290 (11th Cir. 2010).

### III. Argument

#### A. COUNT I - THE CLAIM FOR INJUNCTIVE RELIEF FAILS TO STATE A CAUSE OF ACTION

##### 1. *There are insufficient claims against the Washart Entities*

As an initial matter, there is a clear absence of any allegations against Zodiac Home Solutions, Inc., Client Sourcing, Inc., and Flora Mar 401, LLC (collectively, "Washart Entities[1]"). Noticeably, there is not an ultimate fact pled by Plaintiff demonstrating that injunctive relief is properly pled as to the Washart Entities. In fact, apart from the caption and descriptions of the parties, there is not a single

---

[1] This reference is solely based on the allegations of the Complaint and for ease of reference and not an admission or waiver of any argument about the nature, ownership, and circumstances surrounding the named entities.

4

reference in the Complaint to any basis for a claim against the Washart Defendants.

At best, the only allegation that even attempts to reference some involvement of these entities is in paragraph 10 of the Complaint where Plaintiff simply makes the legal conclusion that "upon information and belief, Washart established Zodiac, Client Sourcing, and Flora Mar as alter egos…and control[s] the Corporate Defendants for the purpose of directly competing against Orbit." However, there is not a single allegation how F Washart purportedly used these entities. Further, even if these entitles were competing against Orbit, *arguendo*, there is a not a single basis as pled that would prohibit competition against Orbit.

Further, as noted further herein, because of the lack of sufficient allegations, the claim for injunctive relief as to Washart Entities fails to state a cause of action because it does not sufficiently plead the required elements necessary to support an injunction, let alone plead sufficient facts to support such elements.

"To state a cause of action for injunctive relief in Florida, a plaintiff must allege ultimate facts which, if true, would establish (1) irreparable injury, (2) a clear legal right, (3) lack of an adequate remedy at law and (4) that the requested injunction would not be contrary to the interest of the public generally." Tuck*er v. Citigroup Glob. Markets Inc.*, 2:06CV585-FTM-34DNF, 2007 WL 2071502, at *6 (M.D. Fla. July 17, 2007). Specifically, Plaintiff does not plead facts demonstrating irreparable injury, clear legal right, lack of adequate remedy at law, and that the requested injunction is not contrary to the public interest in connection with Washart Defendants.

5

### *2.  Count I fails to state an independent basis for relief*

In addition to the arguments stated herein regarding shot gun pleadings, the claim fails to state the independent basis for relief. Specifically, without sufficiently and individually identifying the basis, injunctive relief is not available as an injunction is not an independent cause of action. *See e.g. Blue Water Innovations, LLC v. Fettig*, 18-60671-CIV, 2019 WL 1904589, at *2 (S.D. Fla. Mar. 8, 2019). Further, even if the relief sought is based on one of the trade secrets claims or otherwise, the individual claims address such relief and Count I fails to demonstrate any independent legal right to an injunction. As a result, it is proper to dismiss Count I with prejudice. *See id*.

### *3.  The claim fails to state a cause of action because it cannot demonstrate a lack of adequate remedy at law.*

The remedy sought of injunctive relief cannot stand as Plaintiff cannot demonstrate a lack of adequate remedy at law. Specifically, Plaintiff chose to use one ad damnum clause at the end that incorporates all claims with each other. In addition to the shotgun pleading arguments herein, this incorporation (even if, arguendo, otherwise proper) has the claim for injunctive relief seeking an award of "actual, compensatory, and consequential damages," an "award of exemplary or punitive damages," and an "award for other monetary and equitable relief…"

Further, while a claim for injunctive relief against Defendant Ruffenach may have been proper based on his restrictive covenants, there are no such restrictions on any of the Washart Defendants. In fact, there is an absence of sufficient and definite facts against any of the Washart Defendants supporting an injunction, including without limitation, even a single example of a specific document, list, or

the like that was taken; the use of any such information to improperly contact any specific customer, employee, or vendor; or any specific future harm anticipated. Such failures are fatal to Plaintiff's claim and demonstrate why the claim fails to state a cause of action.

    **B.    PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO PLEAD ANY PLAUSIBLE CLAIM AGAINST WASHART ENTITIES AS TO COUNTS II, III, VI, VII, AND VIII**

As noted above in connection with Count I, Counts II, III, VI, VII, and VIII fail to state a cause of action because they make no reference to any use of such entities as instruments of Washart in connection with the claims and they fail to even allege sufficient facts demonstrating that such entities are properly instruments or the alter ego of Washart – particularly when the limited legal conclusions are based only on "information and belief."

    **C.    PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO PLEAD ANY PLAUSIBLE TRADE SECRET VIOLATION CLAIM.**

Plaintiff's complaint merely recites the required elements of the various claims raised. However, the pleading is insufficient because Plaintiff fails to connect factual allegations that, if taken as true, would support a right to relief. Plaintiff is required to plead a plausible claim, not just a possible claim. *See e.g. Regal v. Butler & Hosch, P.*A., No. 15-CIV-61081, 2015 U.S. Dist. LEXIS 182446, at *16 (S.D. Fla. Oct. 8, 2015).

    The Complaint alleges that:

> The confidential and proprietary information and trade secrets that Orbit shared with Washart included the following: Orbit's financial information, including detailed information about its profits, revenues, and overhead; information relating to its suppliers, including contact information and the terms and conditions and

> pricing that Orbit had individually negotiated with each of its suppliers; information relating to employees and other workers, including their contact information, productivity, capabilities, job performance, benefits, and rates of pay; information relating to Orbit's customers, including their contact information, needs, contracts, bids, proposals, and pricing; information relating to Orbit's equipment, tools, materials, vehicles, leases, social media accounts, website, advertising, budget, and assets; information relating to Orbit's call center, sales methods and techniques, bidding, and estimating; information shared only with Orbit's sales personnel; and information relating to Orbit's corporate strategies and plans.

Notably, though, the Complaint fails to allege that Washart Defendants actually used or even appropriated the above – merely that F Washart had access to it while working with Orbit. However, there is also an absence of specific allegations when, where, and how F Washart appropriated, used, or even accessed this information. At best, Plaintiff merely makes conclusory allegations that F Washart had access and thus must have used trade secrets. Notably, the Complaint is lacking sufficient allegations of a specific customer that F Washart supposedly solicited or did business with – which is particularly telling when all solar and roofing work require public permits. Thus, all such information would be available to Plaintiff.

Further, the allegations are further insufficient because the broad categories listed by Plaintiff are not sufficient to meet the pleading requirements. For example, the Middle District ruled that a trade secret claim is properly dismissed even where a complaint listed:

> "[C]ustomer lists, customer identity, customer contact information and confidential information about each customer's business, purchase and credit information, sales and operation procedures, software, system architecture, financial data, sales and marketing

strategies and data, lists, statistics, programs, research, development, employee, personnel and contractor data, information and records, and information relating to products offered by AMERICAN REGISTRY.

The Middle District even ruled that such a list was "so broad as to be meaningless." *Am. Registry, Ltd. Liab. Co. v. Yonah,* No. 2:13-cv-352-FtM-29UAM, 2013 U.S. Dist. LEXIS 171889, at *9 (M.D. Fla. Dec. 5, 2013). The Court thus found that the allegations "failed to state a claim under the FUTSA." *Id.* This is exactly the case here where Plaintiff pleads a laundry list of purported trade secrets and also describes them as confidential without regard to whether they would even be protectable as a trade secret – let alone with the specificity required.

### D. COUNTS IV AND V RELATED TO BREACHES OF DUTY OF LOYALTY ARE PREEMPTED

The substance of Count IV for Breach of Duty of Loyalty and Count V for Aiding and Abetting Breaches of Duty of Loyalty are both based on purported use of confidential information of Orbit and the subject of the trade secret claims in Count II and Count III. *See* Complaint ¶ 82 with multiple references to the use of confidential information; ¶ 83 noting that Defendants "used the information obtained to the detriment of Orbit and has caused it damage;" and ¶ 86 "breached that duty of loyalty by using confidential information…"

Thus, pursuant to Florida Statutes 688.008, such claims are preempted by the Florida Trade Secret Act and to the extent permissible, the Defend Trade Secrets Act. *See e.g. Sentry Data Sys., Inc. v. CVS Health*, 361 F. Supp. 3d 1279, 1295 (S.D. Fla. 2018) (where the misappropriation of the trade secret comprises the underlying wrong a claim, such cause of action is preempted by FUTSA).

### E. THE TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP CLAIM IS LEGALLY INSUFFICIENT

Count VIII for tortious interference with a business relationship fails based on its own terms for failing to identify what business relationships whom Washart Defendants purportedly interfered. For example, in paragraph 100, Plaintiff says it has an ongoing relationship with suppliers and vendors. Then in paragraph 102, Plaintiff argues that Defendant interfered with such relationships without any details what and how Washart Defendants purportedly interfered except for the vague reference to saying that Orbit is a failing business without any further detail or basis.

In paragraph 103, the Complaint alleges that Washart Defendant continue to tell Orbit customers, employees, and suppliers and vendors that Orbit is a failing business and continue to see to encourage current employees to leave Orbit...." Ultimately, it is not clear if the business relationships referred to are for customers, employees, vendors, suppliers, or someone else.

Regardless, none of the parties rereferred to were alleged to have a contract requiring future performance. Thus, all of the relationships were at-will and a claim for tortious interference would not be proper. "The general rule is that an action for tortious interference will not lie where a party interferes with an at will contract such as the one involved here." *Ferris v. S. Florida Stadium Corp.*, 926 So. 2d 399, 401–02 (Fla. 3d DCA 2006). Thus, regardless of which group Plaintiff is referring to, none support tortious interference claim. Even to the extent that reference is made to the Ruffenach contract with its one-year term, the substance

10

of the contract makes clear that the contract is at-will. *See* ECF Doc #1-2 (Ruffenach Agreement), Section 5(a).

To the extent the reference is to suppliers and vendors, relationships with suppliers and vendors such a plead by Plaintiff are not protectable as a trade secret. There are no allegations that such vendors and suppliers are not widely known in the industry, publicly searchable using common internet search engines, or otherwise secret. In fact, logic would suggest that any argument to the contrary would be spurious as such vendors and suppliers do business by being known and knowable to those in the industry.

As to employees and customers, it is again important to reiterate that there were no restrictive covenants binding Washart Defendants. As such, to demonstrate any tortious interference with a business relationship, malice must be the sole basis for the interference. *Haney v. PGA Tour, Inc.*, 19-CV-63108-RAR, 2021 WL 3709213, at *13 (S.D. Fla. Aug. 19, 2021) ("…under Florida law, a tortious interference claim is actionable where malice is the sole basis for interference."). Not only is there an absence of facts supporting any argument that the alleged interference was done with malice, Plaintiff failed to even present legal conclusions to such effect. As a result, the claim for tortious interference fails to state a cause of action and should be dismissed.

### F. THE CLAIM FOR PUNITIVE DAMAGES SHOULD BE STRUCK FOR FAILURE TO COMPLY WITH FLORIDA STATUTES § 786.72

Florida Statute § 768.72 is substantive and must be applied by Federal Courts. *Domke v. McNeil-P.P.C., Inc.*, 939 F. Supp. 849, 852 (M.D. Fla. 1996) *(citations*

*omitted)*. Procedurally, a Plaintiff must obtain leave of court to amend a complaint before she may assert punitive damages. *Simeon, Inc. v. Cox*, 671 So.2d 158 (Fla.1996). Then, a Court must determine whether there is a reasonable basis for recovery of punitive damages. *Id.* To permit a claim for punitive damages, Florida Statute § 768.72 requires a "reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." *Id.*

Here, Plaintiff has not sought leave of court and has further made no evidentiary showing that such a basis for punitive damages would be proper. As a result, any claim based on the same should be dismissed, or alternatively, all references to punitive or exemplary damages should be struck.

### G. Shotgun Pleading

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).

Here, Plaintiff has committed two of the types of shotgun pleadings referred to: asserting multiple claims against multiple defendants without specifying which of the defendants are responsible; and combining claims for relief into one lump sum instead of associated with the respective count.

First, as further noted in this Motion, the claims with multiple defendants, particularly where Ruffenach and F Washart are named, fail to specifically

12

delineate the allegations and facts as to each person. This is particularly fatal to the claims in this case because Ruffenach has a restrictive covenant agreement that substantially changes the analysis and considerations of law for each claim. F Washart does not have any such agreement and thus the various claims are viewed through a different lens. This is also true because the general allegations in the Complaint note numerous differences in the purported actions and inactions of F Washart and Ruffenach. As a result, the failure to delineate the specifics as to each defendant is a violation of the rules of procedure and the complaint should be treated as a shotgun pleading and dismissed by the Court.

In addition, and as further noted herein, Plaintiff failed to separate out each cause of action and the associated claim for relief. Notably, none of the individual claims have an ad damnum clause or other prayer for relief. In fact, the only claim for relief is at the very end where Plaintiff lumps relief sought that appears to be related to the claims for injunction, different forms of damages, reference to equitable relief, difference to monetary damages, and the like.

"The failure to separate each claim for relief into a different count, as required by Rule 10(b), is a hallmark of a shotgun pleading and makes it 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Gibson v. Nocco*, No. 8:20-cv-2992-KKM-SPF, 2021 U.S. Dist. LEXIS 167970, at *12-13 (M.D. Fla. Sep. 3, 2021). Here, this is particularly troublesome because it is not possible to tell what relief is sought against which of the six defendants—and is made even more clear when all of the relief is sought against all of the Defendants without regard to the facts specific to that defendant.

13

In addition to the previously noted argument about injunctive relief and damage inconsistencies, the prayer for relief seeks injunctive relief to limit "Defendants" from engaging in any business activities competitive with Orbit, but makes no exclusion to anyone else who did not have any restrictive covenants with Orbit.

## IV. Conclusion

Plaintiff cannot merely rely on conclusory statements and generic allegations to give Defendants reasonable notice as to the claims against them. Further, the lack of specificity as to the claims brought and the specific liability attributed to each Defendant is notably absent. As such, and for the reasons above, the court should dismiss the Complaint in its entirety, and where specifically noted, with prejudice, grant attorney fees, and such other relief as stated herein or as otherwise determined as appropriate by the Court.

DATED: March 4, 2022.                         Respectfully submitted,

**THE GORDON LAW FIRM P.A.**
By: *s/Brent Gordon*
Brent Gordon, FL #11902
400 N. Tampa St., Ste. 2840
Tampa, Florida 33602
Mail: PO Box 599, Lutz, Florida 33548
Telephone: (813) 344-5558
bg@thegordonfirm.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

**THE GORDON LAW FIRM P.A.**

By: *s/ Brent Gordon*
Brent Gordon, FL #11902
400 N. Tampa St., Ste. 2840
Tampa, Florida 33602
Mail: PO Box 599, Lutz, Florida 33548
Telephone: (813) 344-5558
bg@thegordonfirm.com
Counsel for Defendants
