UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ORBIT ENERGY & POWER, LLC,

     Plaintiff,

v.                                 Case No. 8:21-cv-01933-SDM-AAS

FRANCIS X. WASHART; ZACHARY
WASHART; KRIS RUFFENACH;
ZODIAC HOME SOLUTIONS, INC.;
CLIENT SOURCING, INC.; and
FLORA MAR 401, LLC,

     Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
WASHART DEFENDANTS' CORRECTED SECOND MOTION TO DISMISS
COMPLAINT AND INCORPORATED MEMORNANDUM OF LAW**

Plaintiff, Orbit Energy & Power LLC ("Orbit"), respectfully opposes the

Washart Defendants' Corrected Second Motion to Dismiss Complaint (Doc. 105)

("Motion") because the Complaint properly conforms with the applicable plead-

ing requirements of the Federal Rules of Procedure and applicable case law.  The

Complaint properly sets forth valid causes of action and provides the Washart De-

fendants with fair notice of the alleged claims.  Accordingly, the Motion should be

denied.

## MEMORANDUM OF LAW

### A. Count I – Preliminary and Permanent Injunctive Relief

First, the Motion argues that the claim for preliminary and permanent injunction (1) states insufficient allegations against Defendants, Zodiac Home Solutions, Inc., Client Sourcing, Inc., and Flora Mar 401, LLC; (2) fails to state an independent basis for relief; and (3) fails to demonstrate a lack of adequate remedy at law.

Rule 8, Fed. R. Civ. P., simply requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Also, a complaint "does not need detailed factual allegations, [but] a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). "The Court explained that '[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.*

The Complaint provides a lengthy description of the actions of Defendant, Frank Washart, to obtain and use Orbit's confidential and proprietary information to establish his own company or companies in Florida to complete directly against Orbit and alleges the Washart Defendants, to borrow the term as defined in the defendants' motion to dismiss, benefited from that information obtained by Frank Washart who is their agent or principal or both.

For example, paragraphs 29 through 31 allege the initial development of the business plan to form a new company in Florida between Frank Washart and Kris Ruffenach and other nonparties. Next, paragraphs 25 through 39 allege the beginning efforts by some of the defendants to utilize Orbit's confidential and proprietary information and other resources to begin efforts to establish and promote their competing businesses and efforts to steal Orbit's customers. Paragraph 44 is a detailed allegation of Kris Ruffenach admitting to another Orbit employee his efforts and those of Frank Washart and others to establish a competing company in Florida.

The Washart Defendants were named because they are either Florida businesses established by Frank Washart during the relevant timeframe, who is not a Florida resident, and principally based in the areas where the defendants sought to take customers from Orbit, or, as in the case of Zodiac, formed to build an online marketing platform to promote its competing business. The pleading standard is

that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, it is reasonable to infer, and therefore plausible, that the Washart Defendants were formed for the purpose of furthering Frank Washart and Kris Ruffenach's plan to compete with Orbit in Florida.

Second, the claim for preliminary and injunctive relief is based on the defendants' ongoing use of Orbit's trade secrets in violation of applicable statutes. The Washart Defendants' additional argument that other claims address the relief sought by Orbit is not accurate because preliminary injunctive relief would stop the actions of the defendants during the pendency of the case and a permanent injunction serves as an alternative claim to prevent future harm, which is expressly permitted by Rule 8(d)(2), Fed. R. Civ. P.

Third, the Washart Defendants' claim that Orbit cannot demonstrate a lack of adequate remedy at law is incorrect. Orbit alleges past and ongoing actions by Frank Washart and Kris Ruffenach while employees of Orbit to misappropriate trade secrets for the purposes to establishing a business to compete with Orbit in Florida. Based on the alleged actions of the Washart Defendants, a presumption of irreparable harm is likely to be presumed. *See Lovell Farms, Inc. v. Levy*, 641 So. 2d 103, 105 (Fla. 3d DCA 1994)("[I]f the trial court finds the former employee used a

specific trade secret in his new employment, then there is a presumption of irreparable injury."). The Complaint alleges Frank Washart and Kris Ruffenach obtained client lists to apply for permits in Florida to be used by Alonso Taylor, a nonparty associate, to establish a client base for their new business and to obtain multiple government permits. The use of Orbit's trade secrets by Frank Washart and Kris Ruffenach is direct evidence of imputed irreparable harm. And under Florida law, information and knowledge obtained by principals or officers of a company is imputed to the company. S*ee Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P.*, 144 F.3d 732, 736 (11th Cir. 1998). Thus, information misappropriated by Frank Washart and Kris Ruffenach is imputed to the Washart Defendants as a matter of law.

## B. Claims against the Washart Defendants in Counts II, III, VI, VII, and VIII

As discussed above, there are sufficient allegations in the Complaint to reasonable imply the establishment of companies in Florida by Frank Washart, who is not a resident of the state, is intended to further his efforts of establishing a presence in the state to compete with Orbit. This includes using Orbit's trade secrets to obtain customer lists and permits, and using other Orbit resources to travel to Florida and to promote and grow his businesses.

In Florida, the corporate veil can be pierced when the following are established:

(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation;

(2) the corporate form must have been used fraudulently or for an improper purpose; and

(3) the fraudulent or improper use of the corporate form caused injury to the claimant.

*Eckhardt v. United States*, 463 Fed. Appx. 852, 856 (11th Cir. 2012). The Complaint alleges Frank Washart established the defendant entities and dominates and controls the companies (Complaint ¶ 10), that the companies were being used for the purpose of misappropriating Orbit's trade secrets (Complaint ¶¶ 52-53), and that harm to Orbit has occurred because of those actions (Complaint ¶¶ 61, 72, 78-79, 91, 97, and 103-104).

## C. Plausible Trade Secrets Violation by Washart Defendants

Contrary to the claim of the Washart Defendants, the trade secrets listed by Orbit are narrowly tailored and not a broad, all-encompassing list. Paragraphs 19-26 provide detailed allegations of how information collected by Orbit is converted into trade secrets, why the information is considered protected trade secrets, and includes a list with other confidential and proprietary information. The complaint also explains how Frank Washart, Kris Ruffenach, and others misappropriated Orbit's trade secrets and confidential and proprietary information to establish and build a competing business in Florida (Complaint ¶¶ 28, 30, 38, 41, 46, and 52-54).

**D. Claims of Breach of Duty of Loyalty and Aiding and Abetting a Breach of Duty of Loyalty are Permissible Alternative Count**

The Washart Defendants wrongfully claim Counts IV and V involve the use of trade secrets and are therefore preempted by statute. The use of trade secrets are not alleged in either count as a basis for the claims. Rather, it was the actions of Frank Washart to establish a business to compete with Orbit while an employee of Orbit that is the violation of Florida common law. *See Martin v. Partsbase, Inc.*, 2020 WL 7495536, at \*3 (S.D. Fla. Dec. 4, 2020). The use of confidential information and Orbit's resources is further evidence of Frank Washart's disloyalty and violation of his common law duty of care but does not implicate any preemption based on trade secrets.

**E.  Interference with an at-will contract can be a tortious act.**

Contrary to the claims of the Washart Defendants, inducing a breach of an existing at-will contract is tortious interference, but "mere self-interested and competitive solicitation will not constitute tortious interference with an at-will contract" if it causes a contract to not be extended. *Ahern v. Boeing Co.*, 701 F.2d 142, 145 (11th Cir. 1983). The Complaint alleges active and intentional interference on the part of Frank Washart, Kris Ruffenach, and the Washart Defendants to interfere with existing contracts by telling "Orbit customers, employees, and suppliers and vendors that Orbit is a failing business and continue to seek to encourage current employees to leave Orbit and join the Defendants." Complaint ¶ 103. There is

no confusion the interference extends to all categories listed. There is no "and/or" that raises questions of interpretation.

Additionally, the defendants claim that malice must be an element of a tortious interference claim is also not accurate. A tortious interference claim may be alleged if malice is the sole basis, but "where the defendant's motive is not purely malicious, a tortious interference claim may succeed if improper methods were used." *KMS Rest. Corp. v. Wendy's Intern., Inc.*, 361 F. 3d 1321, 1327 (11th Cir. 2004). As the allegations in the Complaint show, Frank Washart and Kris Ruffenach and others engaged in intentional efforts to entice Orbit customers to cancel contracts and to encourage vendors and suppliers to stop selling to Orbit. Arguably such actions are more than aggressive competition and rise to the level of malice.[1] Alternatively, their actions are evidence of using improper means because the defendants obtained the information to contact Orbit's customers, suppliers, and venders through the misappropriation of Orbit's trade secrets and confidential information for the purpose of interfering with Orbit's business.

### F. A Motion for Leave to Amend the Complaint to Add a Claim for Punitive Damages is not required in Federal Court.

---

[1] Malice is defined as "interfering solely out of spite, to do harm, or for some other bad motive." *Ernie Haire Ford v. Ford Motor Co.*, 260 F. 3d 1285, 1294 n.9 (11th Cir. 2004) (internal citation omitted)

The Washart defendants misapply federal procedure regarding the pleading of punitive damages. Unlike in state court where a motion to amend is required, "Fed. R. Civ. P. 8(a)(3) preempt § 768.72's requirement that a plaintiff must obtain leave from the court before including a prayer for punitive damages." *Porter v. Ogden, Newell & Welch*, 241 F. 3d 1334, 1340 (11th Cir. 2001). Therefore, Orbit is not required to move to amend to add a claim for relief for punitive damages.

## G. The Complaint is not a Shotgun Pleading

Lastly, the Washart Defendants claim the inclusion of multiple defendants in a single count without specifying responsibility for each defendant and the recitation of a single prayer for relief are two forms of shotgun pleadings. The allegations contained in counts with multiple defendants are based on facts of equal or joint participation by the defendants thereby attributing responsibility for acts or omissions equally to each stated defendant. For example, the complaint consistently alleges Frank Washart and Kris Ruffenach acted jointly in concert to misappropriate Orbit trade secrets and to use confidential information to establish and promote their competing business against Orbit. Thus, it is possible to delineate the claims against the defendants and to answer the allegations in the complaint.

Separately, the Washart Defendants argue a single prayer for relief is an improper shotgun pleading, but the defendants provide no case law supporting their contention. Rule 8(a)(3), Fed. R. Civ. P., only requires "a demand for the relief

sought, which may include relief in the alternative or different types of relief." The rule does not require individual prayers for relief or expressly disallows a single, delineated prayer. Additionally, Rule 54(c), Fed. R. Civ. P., states a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Demanding relief in a prayer for relief is not binding on a party and is therefore not a component of Rule 8, Fed. R. Civ. P. *See Blanford v. Winfield Murdock Creative Works, LLC*, 2017 WL 11017801, at *4 (M.D. Fla. Apr. 19, 2017). The Complaint sets forth independent claims, identifies the applicable parties, and seeks a judgment and thus provide reasonable notice to the defendants of the claims alleged pursuant to Rule 8, Fed. R. Civ. P.

For the forgoing reasons, Orbit respectfully request this Honorable Court deny the Washart Defendants' corrected second motion to dismiss, or alternatively grant Orbit leave to amend.

Dated: May 6, 2022

COLE, SCOTT & KISSANE, P.A.
Counsel for Plaintiff
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Telephone (321) 972-0025
Facsimile (321) 972-0099
Primary e-mail: christina.gierke@csklegal.com
Secondary e-mail: michael.skiscim@csklegal.com

By:   s/ Christina Bredahl Gierke
      CHRISTINA BREDAHL GIERKE

10

_____

Florida Bar No.:  55462
MICHAEL J. SKISCIM, JR.
Florida Bar No.:  91657

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May 2022, I electronically filed

the foregoing with the Clerk of the Court by using the CM/ECF, which will send

electronic filing to all attorneys of record.

By:  s/ Christina Bredahl Gierke
          CHRISTINA BREDAHL GIERKE